STATE OF NORTH CAROLINA v. BOBBY LEE BARKER

No. 7527SC827

(Filed 19 October 1977)

Homicide § 24.2— reduction of crime from murder to manslaughter—burden of proof—erroneous instruction

> Upon remand from the U.S. Supreme Court, a defendant convicted of voluntary manslaughter in March 1975 is granted a new trial because of the court's instructions which placed the burden on defendant to rebut the presumptions of malice and unlawfulness.

Defendant was charged in a bill of indictment with the felony of murder of D. L. Barker on 16 August 1974. When the case was

called for trial, the district attorney announced that the State would not try defendant for first degree murder but would try him for second degree murder. From a verdict of guilty of voluntary manslaughter and judgment of imprisonment, defendant appealed.

Our decision finding no error in defendant's trial having been vacated by the United States Supreme Court, and the cause remanded to us for further consideration as above stated, we now proceed to reconsider our former decision.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Harris and Bumgardner, by Tim L. Harris, for the defendant.*

BROCK, Chief Judge.

Defendant contends he is entitled to a new trial for the reason that certain instructions given by the trial court to the jury violated the rule established by the United States Supreme Court in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), and followed by the North Carolina Supreme Court in *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975).

Clearly, the instructions in this case which placed the burden on defendant to show circumstances that would reduce the offense from second-degree murder to manslaughter were erroneous in view of *Mullaney* and *Hankerson*. We hasten to add, however, that the trial of the instant case took place in March of 1975, previous to the *Mullaney* and *Hankerson* decisions, and the able trial judge gave the substance of instructions that had been approved by the appellate courts of this jurisdiction for more than 100 years.

In *Hankerson* our State Supreme Court declared no longer valid instructions similar to those challenged in the instant case. We quote from the Hankerson opinion (page 643): "We hold that by reason of the decision in *Mullaney* the Due Process Clause of the Fourteenth Amendment prohibits the use of our long-standing rules in homicide cases that a defendant in order to rebut the presumption of malice must prove to the satisfaction of the jury that he killed in the heat of a sudden passion and to rebut the presumption of unlawfulness, that he killed in self-defense . . . ."

Although our Supreme Court in *Hankerson* declared no longer valid instructions similar to those challenged in this case, said court held that *Mullaney* would be given retroactive effect in North Carolina only to trials conducted on or after 9 June 1975. Thereafter, the U.S. Supreme Court allowed certiorari in *Hankerson* and, in an opinion filed 17 June 1977 and reported in 432 U.S. ----, 53 L.Ed. 2d 306, 97 S.Ct. ----, held that our State Supreme Court erred in declining to hold the Mullaney rule retroactive.

Of course, we are bound by the opinion of the United States Supreme Court. Consequently, we hold that defendant in this case at hand is entitled to a new trial and it is so ordered.

New trial.

Judges PARKER and ARNOLD concur.